IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–02973–WJM–KMT

KRISTIN WILCZYNSKI,

    Plaintiff,

v.

LOYAL SOURCE GOVERNMENT SERVICES, LLC,

    Defendant.

---

**ORDER**

---

This matter is before the court on Defendant's "Motion to Stay Pending Resolution of Motion to Dismiss." ("Mot.") (Doc. No. 35, filed June 21, 2019.)  In its Motion to Stay, Defendant seeks to stay discovery in this matter until a ruling is issued as to its Motion to Dismiss (Doc. No. 15).  The Motion to Dismiss asserts that Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*See id.*)

The Motion states that "Plaintiff's counsel stated Plaintiff takes no position regarding the relief sought herein."  (Mot. at 1.)  The court does not feel that a further response from Plaintiff would be helpful to the court's resolution of the Motion given the analysis herein.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL

894955, at \*2 (D. Colo. March 30, 2006).  Federal Rule of Civil Procedure 26 does, however,

provide that

> [a] party or any person from whom discovery is sought may move for a protective
> order in the court where the action is pending . . . The court may, for good cause,
> issue an order to protect a party or person from annoyance, embarrassment,
> oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion.  *Landis v.
N. Am. Co.*, 299 U.S. 248, 254-255 (1936).  "The power to stay proceedings is incidental to the

power inherent in every court to control the disposition of the causes on its docket with economy

of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the

exercise of judgment, which must weigh competing interests and maintain an even balance."  *Id.*

(citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

The underlying principle in determination of whether to grant or deny a stay clearly is

that "[t]he right to proceed in court should not be denied except under the most extreme

circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713

F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir.

1971)).  In other words, stays of the normal proceedings of a court matter should be the

exception rather than the rule.  As a result, stays of all discovery are generally disfavored in this

District.  *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at \*2

(D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). Courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Defendant argues the *String Cheese* factors weigh heavily in favor of a stay because a stay would not prejudice the Plaintiff, and in fact, might benefit Plaintiff by avoiding unnecessary expenditures of time and money. (Doc. No. 35 at 4.) Defendant also argues it would be unduly burdened by premature discovery, that a stay would allow the court to avoid

unnecessary case management expenditures, would prevent third party witnesses from unnecessary and costly efforts, and that public interest would best be served by a stay.  (*Id.* at 4–5.)

Plaintiff, however, have an interest in proceeding expeditiously with their claims. Moreover, the court is not convinced that Defendant would face a significant burden by proceeding with discovery.  Defendant does not set forth any grounds to believe that the discovery in this case would be unusually "extensive [or] costly."  (Mot. at 5.)  Defendant does not maintain that the court lacks jurisdiction over Plaintiff's claims or that it is entitled to immunity therefrom.  Rather, it simply moves to dismiss Plaintiff's Second Amended Complaint for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6).  Granting a stay under these circumstances would suggest that a stay of discovery is appropriate nearly any time a defendant files a motion to dismiss.  This result would not only be contrary to the disfavored status of stays in this District, *see Bustos v. United States,* 257 F.R.D. 617, 623 (D. Colo. 2009), but would also make the court's docket thoroughly unpredictable and, hence, unmanageable, *Sanaah v. Howell,* 08-cv-02117-REB-KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009).

Finally, neither the interests of nonparties nor the public interest in general prompts the court to reach a different result.  Defendant states, "Plaintiff anticipates that most of her discovery will be from the Air Force and she plans on numerous depositions by written questions under Rule 31.  Additionally, three non-party individuals have already been identified as persons to be deposed."  This factor, therefore does weigh slightly in favor of a stay.  Finally, though, the public interest favors the prompt and efficient handling of all litigation.  *Sanaah,* 2009 WL

980383, at *1.  Accordingly, on balance, even with the interests of nonparties factored in, the

court finds that a stay of this case is unwarranted.

Therefore, for the foregoing reasons, it is

**ORDERED** that Defendant's "Motion for Stay Pending Resolution of Motion to

Dismiss" (Doc. No. 35) is **DENIED**.

Dated this 27th day of June, 2019.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

5