# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 18-cv-2973-WJM-KMT

KRISTIN WILCZYNSKI,

    Plaintiff,

v.

LOYAL SOURCE GOVERNMENT SERVICES,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

    This case arises out of Defendant Loyal Source Government Services's termination of Plaintiff Kristin Wilczynski. Following her termination, Plaintiff brought a lawsuit against Defendant under the Defense Contractor Whistleblower Protection Act ("DCWPA"), 10 U.S.C. § 2409. Plaintiff alleged that she engaged in protected activity under the DCWPA by reporting delays or absences in care for individuals at Peterson Air Force Base, and that her protected activity was a contributing factor in her termination. (ECF No. 14.)

    The case proceeded to a jury trial commencing on September 28, 2020. (ECF No. 109.) After the close of Plaintiff's case, Defendant moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), which the Court took under advisement. (ECF No. 112.) After the close of Defendant's case, Defendant renewed its motion for judgment as a matter of law under Rule 50(a). (*Id.*) Plaintiff made no motion under Rule 50 at any point during the trial. The Court denied Defendant's Rule

50 motion and allowed the case to be submitted to the jury. (ECF No. 114.) The jury returned a unanimous verdict in favor of Defendant on September 30, 2020. (ECF No. 121.) On October 5, 2020, final judgment was entered in favor of Defendant. (ECF No. 122.)

Now before the Court is Plaintiff's Motion for New Trial. (ECF No. 123.) Defendant filed a response in opposition (ECF No. 141), and Plaintiff filed a reply (ECF No. 144). For the reasons explained below, Plaintiff's Motion for New Trial is denied.

Federal Rule of Civil Procedure 59 allows a court to grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A trial court has broad discretion in deciding whether to grant or deny a motion for a new trial. *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). Where, as here, the party's motion for a new trial "asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence." *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009) (internal quotation marks omitted). Such a motion raises a question of fact, and the court must review the record in the light most favorable to the prevailing party. *Patton v. TIC United Corp.*, 77 F.3d 1235, 1242 (10th Cir. 1996).

"Because of the sanctity attached to jury verdicts, courts do not lightly overturn them." *Hillman v. U.S. Postal Serv.*, 169 F. Supp. 2d 1218, 1222 (D. Kan. 2001) (citing *Midwest Underground Storage, Inc. v. Porter*, 717 F.2d 493, 502 (10th Cir. 1983)). Motions for a new trial are "generally committed to a Court's discretion, . . . disfavored[,] and should be granted with caution." *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*,

2

728 F. Supp. 2d 1170, 1184 (D.N.M. 2010). In making its determination, the Court must bear in mind "that the jury has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact." *Nosewicz v. Janosko*, 2020 WL 4041457, at *5 (D. Colo. July 17, 2020), *aff'd*, 2021 WL 2179300 (10th Cir. May 28, 2021) (quoting *Snyder v. City of Moab*, 354 F.3d 1179, 1188 (10th Cir. 2003)).

In the Motion, Plaintiff asserts only one basis for a new trial: "the evidence does not support the verdict." (ECF No. 123 at 1.) In support, she recounts her version of the evidence, asserting numerous times that certain trial testimony and exhibits that she contends supported her claim were "uncontested," "uncontradicted," and "undisputed." (*See, e.g.*, ECF No. 123 at 2–4.) Plaintiff "submits that her case is open and obvious, and such simplicity may have caused the jury to overthink the elements." (*Id.* at 5.) Throughout the Motion, Plaintiff pontificates on the jury's decisionmaking; for example, she theorizes that "[p]erhaps the jury thought that she had to announce her whistleblowing," and "[i]t is unclear why the jury missed this connection." (*Id.* at 6.)

In response, Defendant explains that, first and foremost, the jury did not have to believe Plaintiff's testimony or evidence, and therefore, she cannot show that the evidence does not support the verdict. (ECF No. 141 at 1.) Regardless, Defendant also explains that the verdict should stand "because the evidence did not support or contradict Plaintiff's claims." (*Id.* at 5.) To support this argument, Defendant cites a litany of evidence, explained briefly below. (*Id.* at 6–15.)

Viewing the record in the light most favorable to Defendant, the Court finds that

3

the verdict is supported by the evidence, and is not "clearly, decidedly, or overwhelmingly against the weight of the evidence." *M.D. Mark*, 565 F.3d at 762. The jury was asked to determine whether Defendant terminated Plaintiff in violation of the DCWPA, specifically whether Plaintiff proved the following elements of her claim: (1) Plaintiff engaged in protected activity; (2) Defendant took an adverse employment action against Plaintiff[1]; (3) the official or employee of Defendant who took the adverse employment action against Plaintiff knew she had engaged in protected activity; and (4) Plaintiff's protected activity was a contributing factor in Defendant's decision to take adverse employment action against Plaintiff. (ECF No. 117 at 17.) The jury concluded that Plaintiff failed to prove, "by a preponderance of the evidence, each element of her claim against the Defendant." (ECF No. 121 at 1.)

At trial, the parties introduced conflicting evidence pertaining to each element.[2] As to the first element, Plaintiff emphasizes that both she and Dr. Baker said that "failing to give a doctor-requested specialized medical care was a specific danger to the public health or safety." (ECF No. 123 at 2.) She argues that there was "***no*** evidence from any source that her belief on this point was not objectively reasonable." (*Id.* (emphasis in original).)

Regarding the third element, Plaintiff states that it is "uncontradicted that Mr. Henderson (and the Air Force contracting officer) knew that [Plaintiff] was making these complaints, even though Mr. Henderson testified that he had no independent

---

[1] This element was conceded, and the Court need not discuss it further. (ECF No. 117 at 8; ECF No. 141 at 6.)

[2] In this Order, the Court recounts a representative sample of evidence referenced in the briefs on the Motion for New Trial but notes that this sample is by no means exhaustive.

4

recollection of the events." (*Id.* at 3.)  Plaintiff contends that Exhibit H, a document Henderson wrote, "conclusively establishes that he and the Air Force knew that Plaintiff was engaged in protected activity." (*Id.*)

Finally, as to the fourth element, Plaintiff states that it is "undisputed that the Air Force asked for [her] removal because she was fighting the process change, because she was spending so much time trying to fix the process change that she was not doing certain undesignated UM[3] duties, and because she was unprofessional." (*Id.* at 4 (citing Exhibit J).)  For support, she points to the *absence* of evidence in the record on this issue; specifically, she argues there was no evidence of what UM duties she was not doing, there was no testimony as to how she was unprofessional, and thus, it was "undisputed that [she] was terminated for opposing the process change, which, in turn, caused her unprofessionalism and caused her not to have time to do the undesignated UM duties." (*Id.* at 4–5.)

In response, Defendant first points out that Plaintiff bore the burden of proof at trial, and thus it was her burden to persuade the jury that the testimony of her witnesses (including herself) was credible.  (ECF No. 141 at 4.)  As the Tenth Circuit has stated, "it remain[s] within the jury's role as the factfinder to decide that [Plaintiff's] witnesses were not credible and therefore reject their testimony."  *Weese v. Schukman*, 98 F.3d 542, 547 (10th Cir. 1996) (citing *Neece v. IRS*, 41 F.3d 1396, 1399 (10th Cir.1994) (noting that any determination of the credibility of a witness necessarily includes the right of the factfinder to disbelieve the witness)).  Defendant highlights the flawed assumption underlying Plaintiff's Motion for New Trial: "Plaintiff . . . appears to believe that if her

---

[3] Unhelpfully, Plaintiff does not define the term "UM."

5

testimony was 'uncontradicted,' then the jury must accept it as true." (ECF No. 141 at 5.) Of course, this is not the law. The jurors were instructed that they were "not required to accept all of the evidence as true or accurate" and that they were the "sole judges of the credibility or 'believability' of each witness and the weight to be given to the witness's testimony." (ECF No. 117 at 10.) Thus, the jury was free to reject any testimony it found not credible.

In any event, at trial, Defendant did not leave Plaintiff's testimony, or that of her other witnesses, uncontradicted. With respect to the first element of Plaintiff's claim, Defendant points out that there was evidence presented at trial that Plaintiff's belief that the change in process was a substantial and specific danger to patients was not objectively reasonable. (ECF No. 141 at 8.) Preliminarily, Defendant underscores that whether Plaintiff's belief that there was a substantial and specific danger to patients was reasonable under the circumstances is a question of fact over which reasonable minds can disagree. (*Id.*) Thus, any purported lack of contradictory evidence does not necessarily make her subjective belief objectively reasonable; this question was for the jury to decide.

Nonetheless, Defendant identifies evidence supporting the proposition that Plaintiff's subjective belief was not objectively reasonable. Specifically, Defendant highlights the Inspector General's report (Exhibit E), the fact that Plaintiff never responded to a request to identify the allegedly delayed patients by name so they could be processed, and evidence that Plaintiff did not identify a single patient adversely affected by the process change. (*Id.*) As such, the jury could reasonably infer that there were no such patients and that Plaintiff's purported belief that she was engaged in

protected activity was not objectively reasonable because she revealed only an ill-defined or speculative peril that did not involve any particular, identified persons. (*See id* at 9.)

Regarding the third element, Defendant points out that Plaintiff's evidence does not necessarily mean that Defendant knew Plaintiff had purportedly engaged in protected activity. (*Id.* at 10.) For instance, simply because it is uncontradicted that Henderson knew Plaintiff was making complaints does not necessarily establish that he knew she was engaged in protected activity. Rather, such a conclusion is an inference Plaintiff is asking the Court to make post-trial and substitute its judgment for that of the jury.

Finally, regarding the fourth element, Defendant argues there was ample evidence at trial that Plaintiff's activity was not a contributing factor in its decision to terminate her. In particular, Exhibit J (ECF No. 125) lists numerous independent reasons for Plaintiff's termination, such as her resistance to change, shortfalls in her UM duties, and her unprofessionalism. (*Id.* at 12.)

As the conflicting evidence above demonstrates, the evidence presented at trial, considered as a whole, was sufficient to support a variety of reasonable conclusions on the claim on which the jury deliberated. Indeed, the evidence presented at trial was not nearly as "uncontradicted" as Plaintiff now claims, and even if it were—which the Court is not suggesting—it is Plaintiff's burden to prove her case, and she cannot shift the burden to Defendant to disprove it. Nonetheless, the evidence provided reasonable support for the jury's verdict that Plaintiff failed to prove the elements of her claim by a preponderance of the evidence. Therefore, viewing the facts in the light most favorable

to Defendant, the Court finds that the jury verdict is supported by the evidence. *See M.D. Mark*, 565 F.3d at 762.

For the reasons set forth above, Plaintiff Kristin Wilczynski's Motion for New Trial (ECF No. 123) is DENIED.

Dated this 28th day of June, 2021.

BY THE COURT:

William J. Martinez
United States District Judge